**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph A Giron, et al., | No. CV-17-04280-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Springboard Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to exclude the expert report and testimony of Richard Leisner at trial, which is fully briefed. (Docs. 67, 80, 88.) For the following reasons, the Court will grant the motion in part and deny it in part.

**I. Background**

Mr. Leisner is a senior securities and corporate law attorney at the Tampa law firm Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, PA. (Doc. 67-1 at 5.) Defendant SpringBoard Inc. ("SpringBoard") retained Mr. Leisner to provide expert opinions at trial about securities matters including equity, stock, stock options, and stock bonuses. (Doc. 80 at 1-2.) On May 31, 2019, Plaintiffs filed a motion in limine seeking to exclude Mr. Leisner's report and testimony at trial, contending that Mr. Leisner's report and testimony are inadmissible because they invade the province of the Court by providing opinions on the law and are not based upon objective facts or verifiable evidence. (Doc. 67.) The Court held oral argument on the motion on November 21, 2019. (Doc. 101.) At the hearing,

counsel for SpringBoard provided opposing counsel and the Court a copy of Mr. Leisner's expert report containing yellow highlights that indicate the portions of the report that SpringBoard plans to elicit expert testimony on at trial. (Ex. 1.) Plaintiffs asserted that any such testimony by Mr. Leisner is duplicative of testimony that could be provided by witness Tom Harmon, who received an M.B.A. from Harvard Business School. The Court then took the matter under advisement.

**II. Legal Standard**

Rule 702 of the Federal Rules of Evidence "contemplates some degree of regulation of the subjects and theories about which an expert may testify." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993). Broadly, "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue[,] an expert may testify thereto." *Id.* (quotations omitted) (emphasis in original). However, trial courts must function as gatekeepers to expert testimony. *Id.* at 589.

The proponent of expert testimony has the burden of establishing that the expert is qualified to opine on the proffered issues and that his opinions are relevant to the case and meet the requirements of reliability. *See Lust v. Merrell Dow Pharm., Inc.* 89 F.3d 549, 598 (9th Cir. 1996). Particularly, an expert's opinion must be based upon sufficient facts or data or upon objective verifiable evidence. *See Domingo v. T.K.*, 289 F. 3d 600, 605 (9th Cir. 2002). Further, any opinion that seeks to instruct the trier of fact as to the law is inadmissible. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citation omitted) ("instructing the jury as to the applicable law 'is the distinct and exclusive province' of the court"). Finally, "[t]he exclusion of relevant, but cumulative, evidence is within the sound exercise of the trial court's discretion." *U.S. v. Marabelles*, 724 F.2d 1374, 1382 (9th Cir. 1984); *United States v. Alisal Water Corp.*, 431 F.3d 643, 659-60 (9th Cir. 2005).

**III. Discussion**

The Court will grant Plaintiffs' motion to exclude testimony unassociated with the

highlighted portions of Mr. Leisner's expert report,[1] except the two sentences in paragraph 5 on page 16 of his report that start, "In my experience…" and "I know of no instance…" Those two sentences are neither opinions nor definitions and are not tethered to an opinion or definition. The Court will otherwise deny Plaintiffs' motion. The highlighted portions of Mr. Leisner's expert report do not constitute legal conclusions or opine on the validity of the agreements at issue, but rather seek to define and explain equity-based compensation, stocks, stock options, and stock bonuses. Allowing Mr. Leisner, a qualified expert in the securities and business field, to testify on such matters would make the issues more approachable and assist the trier of fact in understanding the evidence. Indeed, it is unlikely that a lay juror could intelligently assess the merit of Plaintiffs' claims without guidance from someone with a specialized understanding of equity compensation, stocks, stock options, and stock bonuses. *See U.S. v. Finley*, 301 F.3d 1000, 1013 (9th Cir. 2002). In fact, even Mr. Giron testified that he did not fully understand the difference between stock and stock options, despite having entered into the first agreement at issue, but instead relied on the expertise of Mr. Harmon to explain the terms and their implication. (Doc. 81-1 at 32.) Thus, Mr. Leisner's testimony is both relevant and valuable.

Finally, Plaintiffs objected during oral argument that any testimony provided by Mr. Leisner would be duplicative of testimony that could be provided by Mr. Harmon, who has a Harvard M.B.A. and could also define and explain security terms such stocks and stock options. The Court will not decide the validity of such an objection now because it is appropriate to assess the duplicative nature of evidence once the information, which Mr. Leisner's testimony will allegedly repeat, is offered at trial. *Kirola v. City and Cty. of San Francisco*, No. CV-07-03685-SBA, 2010 WL 3476681, at *13 (N.D. Cal. Sep. 2, 2010). Therefore, Plaintiffs' motion, insofar as it seeks to exclude Mr. Leisner's testimony as cumulative, will be denied without prejudice.

**IT IS ORDERED** that Plaintiffs' motion to exclude the expert report and testimony

---

[1] Defendants concede that Mr. Leisner's opinions on the law are inadmissible and therefore have abandoned any effort to introduce them. This concession curtails the scope and content of Mr. Leisner's testimony, as reflected by the highlighted version of his expert report.

of Richard Leisner at trial (Doc. 67) is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

Dated this 25th day of November, 2019.

Douglas L. Rayes
United States District Judge